# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 1, 2011 Session

## STATE OF TENNESSEE v. McARTHUR BOBO

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-02588     Chris Craft, Judge**

**No. W2009-02565-CCA-R3-CD  - Filed June 21, 2011**

The defendant, McArthur Bobo, was convicted by a Shelby County Criminal Court jury of second degree murder, a Class A felony, and sentenced by the trial court as a career offender to sixty years in the Department of Correction at 100%. On appeal, he raises the following issues: (1) whether the trial court erred by allowing the State to impeach a defense witness's testimony by introducing a tape-recorded conversation between himself and the witness that took place during his pretrial incarceration; (2) whether the trial court erred by denying his motion to suppress evidence of a pretrial photographic lineup by which two eyewitnesses identified him as the shooter; and (3) whether the trial court erred by allowing testimony by a witness that the victim's children were at the victim's home at the time the victim was killed. Based on our review, we conclude that the defendant has waived consideration of the suppression issue by his failure to include an adequate record on appeal. We further conclude that the defendant has waived the remaining two issues by his failure to raise them in his motion for new trial. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Michael R. Working (on appeal) and Robert Parris (at trial), Memphis , Tennessee, for the appellant, McArthur Bobo.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; William L. Gibbons, District Attorney General; and Marianne Bell and Abby Wallace, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

# FACTS

This case arises out of the defendant's December 23, 2007 shooting of Michael Gibbs, which resulted in the victim's death. According to the State's proof at trial, the defendant had been in a fight with another man at the victim's apartment complex approximately two days before the shooting. Therefore, when the defendant came to the apartment complex on the evening of December 23, 2007 and stood outside an apartment where a birthday party was about to take place, the victim approached him and told him that he was a troublemaker and that the residents of the complex did not want him there. As the victim turned to walk away, the defendant mumbled a response. When the victim turned back around to ask the defendant what he had said, the defendant pulled a gun out of his jacket and fired at the victim's feet. The victim ran in an attempt to escape, but the defendant pursued and fired either two or three additional shots at the victim before fleeing, leaving the victim to die at the scene.

# ANALYSIS

## I. Admission of Impeachment Evidence

The defendant raises three issues on appeal, all of which relate to evidentiary rulings of the trial court. He first contends that he was unfairly prejudiced and his Fifth Amendment rights violated when the trial court allowed the State to impeach his sister's testimony, that she had not recently spoken with him about her trial testimony, by introducing a tape-recorded telephone conversation between the two that took place while the defendant was incarcerated in the county jail. In the recording, the defendant discusses the alibi testimony he expects his sister to provide at his trial, reminding her that she picked him up from his grandmother's home early on Christmas Eve and telling her that he has already talked to their parents and is "trying to get everybody on one page."

Despite the fact that the tape was redacted to eliminate any references to the defendant's telephone call having originated from the jail, and the fact that the trial court issued a lengthy curative instruction to the jury regarding its use solely as impeachment evidence, the defendant argues that the tape unfairly prejudiced the jury against him by presenting him "in an inflammatory and prejudicial way using foul language, slang, and racial slurs." In support, he points to the fact that he uses obscenities in the conversation, asks his sister if an associate has gotten out yet, refers to that associate as a "nigger," and states that he has not seen him but has been "seeing a white boy." The defendant asserts that the jury could not only have inferred from his conversation that he was in jail, but also that

he was "engaging in homosexual acts with a new partner."

The defendant did not, however, raise this issue in his motion for new trial. Issues relating to the admission or exclusion of evidence that are not raised in a motion for new trial are deemed to be waived on appeal. See Tenn. R. App. P. 3(e). Accordingly, we conclude that the defendant has waived consideration of this issue on appeal. We also decline to address the issue as plain error, as we conclude that no substantial rights of the defendant were affected.

## II. Denial of Defendant's Motion to Suppress

The defendant next contends that the trial court erred by denying his motion to suppress photographic identifications of him as the shooter, arguing that the photographic spreadsheet employed by the police was unduly suggestive. However, as the State points out, the defendant did not include in the record either the transcript of the suppression hearing or the order of the trial court denying the motion. It is the duty of the appealing party to prepare an adequate record for appellate review. Tenn. R. App. P. 24(b). "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). In the absence of an adequate record on appeal, this court must presume that the trial court's actions are correct and are supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Therefore, because the record in this case is incomplete, we presume that the trial court properly denied the defendant's motion to suppress.

## III. Admission of Testimony of Presence of Victim's Children

As his last issue, the defendant contends that the trial court erred by allowing a witness to testify that the victim's children were staying with the victim on the night of the shooting. The defendant objected at trial after a State's witness testified that the victim's children, who did not live with him full-time, were visiting at the victim's apartment on the night of December 23, 2007. In the bench conference that followed, the State argued that evidence of the children's presence was intended to show why the victim was anxious to avoid any trouble at the complex. The trial court ruled that the evidence was "not that relevant," but it was also not prejudicial. Thereafter, the State resumed its examination of the witness without asking any further questions about the victim's children.

The defendant argues that evidence of the children's presence, which suggested that they might have witnessed their father's death, unfairly prejudiced the jury against him. Once again, however, the defendant failed to raise this issue in his motion for new trial. He

has, therefore, waived consideration of the issue on appeal.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE